IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| CHELSEA E. ANSTEAD and KERCHAI LeFLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASCENSION HEALTH, ASCENSION HEALTH ALLIANCE, ASCENSIONCONNECT, LLC, and SACRED HEART HEALTH SYSTEM, INC.<br><br>Defendants. | No. 3:22-CV-2553-MCR-HTC |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**

AND NOW, this 27th day of March, 2023, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement and Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs (ECF No. 34) (together, the "Approval Motions"), the Court grants Plaintiffs' Motions and ORDERS as follows.[1]

---

[1] The Court held a Final Approval Hearing on March 23, 2023.

WHEREAS, Plaintiffs Chelsea E. Anstead and Kerchai LeFlor ("Plaintiffs") and Defendants Ascension Health, Ascension Health Alliance, AscensionConnect, LLC, and Sacred Heart Health System, Inc. (collectively, "Ascension" or "Defendants"), have entered into a Settlement Agreement which, together with the Exhibits annexed thereto ("Settlement" or "Settlement Agreement") (ECF No. 31-1), sets forth the terms and conditions for a proposed collective and class action settlement of the above-captioned matter (the "Litigation") and for the Litigation's dismissal with prejudice upon the terms and conditions set forth therein;

WHEREAS, Plaintiffs and Defendants are collectively referred to as the "Parties";

WHEREAS, the Settlement is the product of informed, arm's-length negotiations over an extended period of time, and was achieved only after mediation and continued settlement negotiations between the Parties overseen by an experienced mediator, A. Lee Parks, Esq.;

WHEREAS, Plaintiffs filed the Approval Motions seeking an order: (a) finally approving the Settlement Agreement; (b) finally certifying the Settlement Collective and Class defined below pursuant to 29 U.S.C. § 216(b) and FED. R. CIV. P. 23(a) and (b)(3) for settlement purposes only; (c) appointing Class Counsel and Lead Class Counsel; (d) confirming the appointment of Rust Consulting, Inc. as the Settlement Administrator and approving notice and administration costs not to

exceed $250,000; (e) approving attorneys' fees and costs of one-third (1/3) of the Regular Rate Settlement Amount and one-third (1/3) of the Kronos Settlement Amount; (f) approving Legal Services North Florida, Inc. as the *cy pres* recipient; and (g) dismissing this class and collective action with prejudice;

WHEREAS, Defendants do not oppose the Approval Motions;

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs, and Plaintiffs' Motion for Final Approval of Settlement Agreement, and all supporting documents, and has found good cause for entering this Order;

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement;

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

1. The Parties' Settlement Agreement is finally approved as fair, reasonable, and adequate pursuant to FED. R. CIV. P. 23(e), and as a fair and reasonable resolution of *a bona fide* dispute under the Fair Labor Standards Act.[2]

2. For settlement purposes, the Court finally certifies the following classes

---

[2] Plaintiffs Chelsea Anstead and Kerchai LeFlor separately negotiated a general release with the Defendants. ECF No. 31 at 19. The Court finds that this release does not affect the overall fairness of the settlement here. 29 U.S.C. § 201 *et seq; see, e.g., Huff v. Bobcat N. Am., LLC*, No. 619CV861ORL37DCI, 2021 WL 268356, at *4 (M.D. Fla. Jan. 25, 2021), *report and recommendation adopted*, 2021 WL 268355 (M.D. Fla. Jan. 27, 2021) (finding that "courts have found that parties may enter into a general release for separate consideration" and recommending that a Court "not pass on the validity of the separate release, but instead find that it does not affect the fairness of the FLSA settlement").

3

as a collective action pursuant to 29 U.S.C. § 216(b), finding the members to be similarly situated for purposes of settlement, and as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(3):

    a.    All current and former non-exempt employees employed by any or all of the Defendants in the United States during the time period from March 2, 2019 through June 13, 2022, who worked more than forty hours in any workweek and who were not paid overtime at a rate of one-and-one-half times their "regular hourly rate" for all hours worked over forty taking into account any non-discretionary critical staffing bonuses (hereinafter, the "Regular Rate Collective and Class" and each a "Regular Rate Collective and Class Member"); and

    b.    All current and former non-exempt employees employed by any or all of the Defendants in the United States at any time during the Kronos ransomware attack between November 2021 and January 2022 who received a reconciliation payment for underpayments during the Kronos ransomware attack (hereinafter, the "Kronos Collective and Class" and each a "Kronos Collective and Class Member").

3.    The Regular Rate Collective and Class and the Kronos Collective and Class are collectively referred to herein as the Settlement Collective and Class.

4.    In support thereof, the Court reaffirms its findings set forth in its December 22, 2022 Order granting preliminary approval of the Settlement Agreement, ECF 33:

    a.    The number of Regular Rate Collective and Class Members (47,131 members) and the number of Kronos Collective and Class Members (57,559 members) is too numerous for joinder to be practicable;

      b.      There are questions of law and fact common to each class that predominate over individualized questions for settlement purposes. With respect to the Regular Rate Collective and Class, those common issues include how Defendants treated critical staffing bonuses in calculating overtime pay, how Defendants should have treated critical staffing bonuses in calculating overtime pay, whether Defendants acted in good faith, and whether Defendants were unjustly enriched. With respect to the Kronos Collective and Class, those common issues include the underlying facts comprising the Kronos Incident, what measures Defendants took in response to the Kronos ransomware attack, whether Defendants acted in good faith, and whether Defendants were unjustly enriched;

      c.      Plaintiffs' claims are typical of the claims of the Settlement Collective and Class Members they seek to represent for purposes of the Settlement;

      d.      Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Regular Rate Collective and Class Members, and the Kronos Collective and Class Members, and will continue to do so;

      e.      A class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 of the Federal Rules of Civil Procedure; and

      f.      because the Litigation is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by

the trial of a class action involving the issues in the Litigation.

5.     The Parties clarified at the Final Approval Hearing that the release of state law claims in Paragraph 38 of the Settlement Agreement encompasses the time period up to June 13, 2022, so that the end date of the release is the same as the end date for the FLSA release in the same paragraph, and the Court approves this clarification.

6.     Plaintiff Chelsea E. Anstead is appointed as the representative of the Regular Rate Collective and Class, and Plaintiffs Chelsea E. Anstead and Kerchai LeFlor are appointed as the representatives of the Kronos Collective and Class.

7.     Berger Montague PC and Varnell & Warwick, P.A. are appointed as Class Counsel on behalf of the Regular Rate Collective and Class, and Berger Montague PC, Varnell & Warwick, P.A., Parmet PC, and Morgan & Morgan are appointed as Class Counsel on behalf of the Kronos Collective and Class, with Berger Montague PC and Varnell & Warwick, P.A. acting as Lead Class Counsel.

8.     The requests made in Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs (ECF 34) are granted, including for attorneys' fees of one-third (1/3) of the Regular Rate Settlement Amount and one-third (1/3) of the Kronos Settlement Amount, and with reimbursement of costs included in these amounts. In so granting these requests, the Court notes that there were no objections to Plaintiffs' requests submitted to the Court.

9. Rust Consulting, Inc. is appointed to continue its work as the Settlement Administrator and shall perform all duties and tasks assigned to the Settlement Administrator in the Settlement Agreement. The costs of notice and settlement administration that were submitted to the Court are finally approved.

10. Legal Services North Florida, Inc. is approved as the *cy pres* recipient, subject to the Settlement Agreement.

11. This class and collective action is dismissed with prejudice.

**DONE AND ORDERED** this 27th day of March 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**